UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-433-KSF

MICHELLE B. BRISCOE                             PLAINTIFF

v.                       **OPINION & ORDER**

PRICE-COOMER RELOCATION, INC. and
ALLIED VAN LINES, INC.                           DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendants, Price-Coomer Relocation, Inc. and Allied Van Lines, Inc., to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE # 2] This motion has been fully briefed and is ripe for review.

I.      FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Michelle B. Briscoe, filed this action in Fayette Circuit Court against the defendants on December 3, 2007, asserting claims for breach of contract, negligence, and unjust enrichment. Specifically, Briscoe alleges that she entered into a contract with the defendants for the transportation and delivery of her furniture and personal items from Lexington, Kentucky to Rio Rancho, New Mexico and that the defendants damaged or lost a portion of Briscoe's furniture and personal items. Her complaint seeks damages in the amount of $7,928.00 - $5,580.00 for the replacement value of the damaged or lost items and $2,078.00 for a refund of the payment she made to the defendants pursuant to the shipping contract.

1

The defendants subsequently removed the action to this Court pursuant to 28 U.S.C. § 1441(b) on the grounds that Briscoe's action "arises under" federal law, specifically 49 U.S.C. §§ 13704, 13706, 13707, 14704, and 14705. Thereafter, the defendants filed the instant motion to dismiss Briscoe's complaint on the grounds that her state law claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706.

**II.   ANALYSIS**

Before addressing the defendants' motion to dismiss, the Court first must consider whether the exercise of subject matter jurisdiction is appropriate in this matter. As the removing party, the defendants bear the burden of showing that removal is proper and that this Court has subject matter jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921); *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Generally, a civil action filed in state court may be removed under 28 U.S.C. § 1441(a) and (b) only if the case could have originally been brought in federal court and the federal court would have had original subject matter jurisdiction. *Roddy v. Grand Trunk Western R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The defendant's right to removal is determined according to the plaintiff's complaint at the time the notice of removal is filed. Thus, to determine whether removal is proper in this case, the Court must look to and consider Briscoe's complaint as it existed in state court at the time the defendants filed their notice of removal.

Even though Briscoe's complaint asserts only state law causes of action, the Court agrees with the defendants that her claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706, which established a uniform national liability policy for interstate carriers. This uniform policy allows a shipper anywhere in the United States to recover for loss or damage cause by an interstate

carrier. 49 U.S.C. § 14706. The Sixth Circuit, along with many other circuits, has held that the Carmack Amendment preempts state and common law claims and remedies for cargo damaged in interstate transport. *W.D. Lawson & Co. v. Penn Central Co.*, 456 F.2d 419, 421 (6th Cir. 1972); *Jackson v. Brook Ledge, Inc.*, 991 F.Supp. 640, 644 (E.D.Ky. 1997). While the Carmack Amendment does preempt state law claims, a plaintiff may litigate his or her claims under the Carmack Amendment in state or federal court. 49 U.S.C. § 14706(d).

Reviewing Briscoe's complaint, it is clear to this Court that although she did not cite or refer to 49 U.S.C. § 14706, her claims against the defendants for loss and damage to her furniture and personal items during interstate transport are governed exclusively by the Carmack Amendment. However, removal to this Court is barred by 28 U.S.C. § 1445(b), which provides as follows:

> A civil action in any State court against a carrier or its receivers or trustees to recover damages for delay, loss, or injury of shipments, arising under section 11706 or 14706 of title 49, may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs.

Because Briscoe's complaint does not allege damages in excess of $10,000, this Court lacks subject matter jurisdiction over her complaint.[1] Therefore, this action will be remanded to Fayette Circuit Court pursuant to 28 U.S.C. § 1447(c) for further proceedings.

### III. CONCLUSION

Accordingly, the Court being fully and sufficiently advised, **IT IS HEREBY ORDERED** as follows:

---

[1] To the extent that the defendants contend that Briscoe's demand for a refund of the amount paid under the contract establishes a separate federal question, the Court notes that the Carmack Amendment is the exclusive remedy for breach of an interstate shipping contract, and 49 U.S.C. § 14706(f) limits the liability of the defendants to the replacement value of the goods lost or damaged.

(1)  the defendants' motion to dismiss [DE #2] is **PASSED**;

(2)  this matter is **REMANDED** to Fayette Circuit Court for all further proceedings;

(3)  a certified copy of this Opinion & Order shall be mailed to the Clerk of said court by the Clerk of this Court; and

(4)  this matter is **STRICKEN** from the active docket.

This April 17, 2008.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge