UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-433-KSF

MICHELLE B. BRISCOE                                                                                    PLAINTIFF

v.                                              **OPINION & ORDER**

PRICE-COOMER RELOCATION, INC. and
ALLIED VAN LINES, INC.                                                                         DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendants, Price-Coomer Relocation, Inc. and Allied Van Lines, Inc., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the plaintiff's Amended Complaint [DE #25]. This motion is fully briefed and is ripe for review.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, Michelle B. Briscoe, filed this action in Fayette Circuit Court against the defendants on December 3, 2007, asserting claims for breach of contract, negligence, and unjust enrichment. Specifically, Briscoe alleges that she entered into a contract with the defendants for the transportation and delivery of her furniture and personal items from Lexington, Kentucky to Rio Rancho, New Mexico and that the defendants damaged or lost a portion of her items. Her complaint seeks damages in the amount of $7,928.00 - $5,580.00 for the replacement value of the damaged or lost items and $2,078.00 for a refund of the payment she made to the defendants pursuant to the shipping contract. The defendants subsequently removed the action to this Court pursuant to 28

U.S.C. § 1441(b) on the grounds that Briscoe's action "arises under" federal law, specifically 49 U.S.C. §§ 13704, 13706, 13707, 14704, and 14705 [DE #1].

Although Briscoe did not cite or refer to the Carmack Amendment, 49 U.S.C. § 14706, her claims against the defendants for loss and damage to her furniture and personal items during interstate transport are governed exclusively by the Carmack Amendment. However, the Court found that removal to this Court was barred by 28 U.S.C. § 1445(b), which provides as follows:

> A civil action in any State court against a carrier or its receivers or trustees to recover damages for delay, loss, or injury of shipments, arising under section 11706 or 14706 of title 49, may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs.

Because Briscoe's complaint did not allege damages in excess of $10,000, this Court held that it lacked subject matter jurisdiction over her complaint and remanded the matter to Fayette Circuit Court for further proceedings [DE #15].

The defendants subsequently filed their motion to alter or amend [DE #16], arguing that in addition to her claims preempted by the Carmack Amendment, Briscoe's complaint also asserted a federal claim for refund of tariff charges in the amount of $2,078.00. Such claims are exclusively governed by 29 U.S.C. § 13704, 13706, 13707, 13710, 14704, and 14705, irrespective of the amount in controversy. *See Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 533 (1983). Accordingly, the Court vacated its earlier remand of this case to state court and reinstated it on the Court's active docket [DE #22]. In the same Order, the Court ordered Briscoe to file an amended complaint.

Briscoe filed her Amended Complaint on July 11, 2008 [DE #24]. Despite the Court's previous ruling explaining the preemptive effect of the Carmack Amendment, Briscoe's Amended Complaint continues to assert state law claims and fails to properly allege the appropriate federal

cause of action. As a result, the defendants have filed their motion to dismiss Briscoe's Amended Complaint [DE #25].

## II. ANALYSIS

The defendants move the Court to dismiss Briscoe's Amended Complaint on the grounds that the state law claims alleged therein are preempted. While the Court agrees that Briscoe's state law claims must be dismissed, the Court will again construe Briscoe's complaint to assert a claim under the Carmack Amendment for loss or damage to furniture and personal items. *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir. 2005)(if a federal statute preempts an area of state law, any complaint alleging claims under that area of state law is presumed to allege a claim arising under federal law).

The Court also notes that Briscoe's Amended Complaint withdraws all claims for tariff and/or shipping charges, apparently in an effort to defeat federal jurisdiction. However, subject matter jurisdiction is determined at the time of removal. *Gentek Bldg. Products v. Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007). In this case, Briscoe's original complaint included a claim for refund of tariff charges which establishes this Court's subject matter jurisdiction irrespective of the amount in controversy. Briscoe cannot defeat jurisdiction by withdrawing that claim subsequent to removal.

Accordingly, the Court will grant the defendants' motion to dismiss Briscoe's Amended Complaint only to the extent that Briscoe's state law claims will be dismissed. This matter will remain pending only on Briscoe's construed claim arising under the Carmack Amendment for loss or damage to her furniture and personal items.

## III. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby

**ORDERS** as follows:

(1) the defendants' motion to dismiss [DE #25] is **GRANTED** to the extent that Briscoe's state law claims are hereby **DISMISSED**, and **DENIED** to the extent that this matter remains pending on the construed Carmack Amendment claim; and

(2) **WITHIN 15 DAYS OF ENTRY OF THIS OPINION & ORDER**, the plaintiff shall **FILE** her second amended complaint, setting forth ONLY an appropriate federal claim under the Carmack Amendment, consistent with this Opinion & Order; and

(3) the plaintiff's failure to fully comply with the Court's orders may result in dismissal of this action.

This August 21, 2008.

Signed By:
*Karl S. Forester*  KSF
United States Senior Judge